UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIHSHYR YIH,<br><br>    Plaintiff,<br><br>v.<br><br>TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LTD,<br><br>    Defendant. | Case No. 5:20-cv-04184-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 16 |

Presently before the Court is Defendant Taiwan Semiconductor Manufacturing Company, Ltd.'s ("TSMC") motion to dismiss *pro se* Plaintiff JihShyr Yih's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim. Dkt. No. 16. The Court took this motion under submission without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court **GRANTS** TSMC's motion to dismiss for lack of personal jurisdiction.

I. **BACKGROUND**

    A. **Factual History**

This action involves allegations of hiring discrimination committed by TSMC against Plaintiff. Plaintiff is a United States citizen who has lived in the United States for the past thirty-seven years, and currently resides in New York with his family. Complaint (Compl.), Dkt. No. 1 ¶¶ 1, 59. Plaintiff is an engineer, who holds a PhD from the University of Michigan – Ann Arbor in Computer Science and Engineering, and who previously worked for International Business Machines ("IBM") for over twenty years where he earned many outstanding accomplishment awards. *Id.* ¶¶ 53-54. TSMC is a Taiwanese corporation whose sole business is manufacturing

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
1

semi-conductor devices for use in various electronic products, such as phones and computers. *See* Declaration of Hen-Yih ("Terrance") Chao ("Chao Decl."), Dkt. No. 16-1 ¶ 4. TSMC is headquartered and has its principal place of business in Hsinchu, Taiwan. *Id*. The company employs approximately 43,000 individuals mainly at its offices and factories in Taiwan, but the company has approximately 15 employees working in the United States on limited-term overseas assignments. *Id*. ¶ 7. None of these 15 employees work in California, nor does TSMC have an office or designated agent for service of process in the state. *Id*. 6-7.[1] However, TSMC does have a subsidiary, TSMC North America ("TSMC NA"), which is incorporated in California and has its principal place of business in San Jose, California. *Id*. ¶ 9.

In April 2017, TSMC tasked Lighthouse Global Resources ("LGR"), a Singapore-based recruiting firm, to fill a "Senior Business Intelligence Analyst" position in the "Business Operations Division under TSMC's Corporate Planning Organization." *See* Declaration of Wenwei Chang ("Chang Decl."), Dkt. No. 16-2 ¶ 3, Exh. A. The position description in TSMC's request to LGR specified that the job was located in Hsinchu, Taiwan. *Id*.; Exh. A at 2. After contacting Plaintiff by e-mail about the job opportunity with TSMC, LGR recommended Plaintiff to TSMC as a potential candidate for the Senior Business Intelligence Analyst position. *Id*. 5, Exh. B at 1. Thereafter, on August 3, 2017, Plaintiff participated in a preliminary screening interview from his home in New York via skype with Wenwei Chang and Claire Yin, two recruiting managers from TSMC's recruiting department who reside in Taiwan. *Id*. ¶ 6. During the interview, Mr. Chang asked Plaintiff questions about his family including: "'How many children do you have' and 'Does your wife work?'" Compl. ¶ 18.

Following the preliminary screening interview, the recruiting department forwarded

---

[1] As part of Plaintiff's declaration in support of his opposition to the motion to dismiss, Plaintiff includes an exhibit which lists fourteen individuals purportedly employed by TSMC who self-identified their locations in California on their LinkedIn social media profile as evidence that TSMC has employees working in California. *See* Declaration of JihShyr Yih in support of Opposition to Defendant's Motion to Dismiss the Complaint ("Yih Decl."), Dkt. No. 19-1 ¶ 7, Exh. D. Plaintiff has submitted no evidence to authenticate this exhibit, and it is therefore inadmissible under Federal Rule of Evidence 901 for lack of authentication.

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
2

Plaintiff's profile to the hiring manager. Chang Decl. ¶ 8. TSMC determined that Plaintiff did not have the appropriate background or qualifications for the position, but decided to consider him for a role in the company's Information Technology ("IT") function. *Id*. ¶¶ 8-9. Plaintiff claims that on September 25, 2017, he participated in another skype interview, this time with TSMC IT managers. Compl. ¶ 26. During this interview, he was again asked questions about his family including: "'How many children do you have?'; 'How old are your children?'; 'What are your children doing now?'; 'What future schools are your children going to attend?'; 'Are you married?'; and 'Does your wife work?'" *Id*. ¶¶ 26, 31.

After the interview, LGR informed Plaintiff that TSMC had declined to offer him a job. *Id*. ¶ 39. Plaintiff alleges he was told that "he was too senior to fit in" at TSMC. *Id*. Then, on or about October 5, 2017, Plaintiff spoke on the phone with Hen-Yih Chao, TSMC's HR Director. Plaintiff expressed to Mr. Chao the concerns he had about the family related questions asked during the interviews and that he felt he was discriminated against by TSMC. *Id*. ¶ 40. On October 13, 2017, Plaintiff received an email from TSMC's attorney, explaining that the "reason [TSMC] asked questions regarding [Plaintiff] and [Plaintiff's] family members [was] to learn about that, should [Plaintiff] determine to work in Taiwan" so that TSMC "could assist [Plaintiff] and [his] family on possible issues that might arise from [their] relocation to Taiwan . . . considering [Plaintiff] and [his] famil[y] have stayed in the U.S. for many years." Chang Decl. Exh. C at 2-3. The email also stated that Plaintiff was not chosen for the position because of his vague, unspecific answers to questions about his experience and his failure to provide references, *id*. at 2, even though Plaintiff alleges he emailed TSMC officials a list of references three days after the interview. Compl. ¶¶ 38. According to Plaintiff, TSMC's counsel also warned him that TSMC would sue "should [Plaintiff] disclose to the media, the public and any other third parties [anything] related to the interview without TSMC's prior approval." Compl. ¶ 45.

Plaintiff filed a charge of discrimination against TSMC with the Equal Employment Opportunity Commission ("EEOC") on October 30, 2017. *See* Compl. ¶ 8. He received a Notice of Right to Sue from the EEOC on February 5, 2018. *Id*.

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
3

### B. Procedural History

Plaintiff first filed a *pro se* complaint against TSMC in the Southern District of New York. *See JihShyr Yih v. Taiwan Semiconductor Manufacturing Company*, No. 18-CV-3844 (CS) 2019 WL 2578306 (S.D.N.Y June 24, 2019). The Southern District of New York granted TSMC's motion to dismiss for lack of personal jurisdiction. The district court's judgment was affirmed by the Second Circuit Court of Appeals following an appeal by Plaintiff. *See Yih v. Taiwan Semiconductor Manufacturing Company*, 815 Fed. App'x. 571 (2d Cir. 2020).

Then, on June 25, 2020, Plaintiff filed a *pro se* complaint in this Court. *See* Dkt. No. 1. TSMC moved to dismiss the complaint thereafter on August 11, 2020. *See* Defendant's Notice of Motion and Motion to Dismiss the Complaint ("Mot."), Dkt. No. 16. Plaintiff has filed an opposition ("Opp."), Dkt. No. 19, to which TSMC has replied ("Reply"), Dkt. No. 20.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a party to file a motion to dismiss when there is a lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). While the plaintiff bears the burden of showing that the Court has personal jurisdiction over the defendant, the court "resolves all disputed facts in favor of the plaintiff." *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quotation marks and citation omitted). The Court may consider evidence presented in affidavits and declarations in determining personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *but see Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) ("When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." (citations omitted)). "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation marks and citation omitted). "The Court may not assume the truth of allegations that are contradicted by affidavit." *In re Cathode Ray Tube (CRT)*

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
4

*Antitrust Litig.*, 27 F. Supp. 3d 1002, 1008 (N.D. Cal. 2014) (citing *Data Disc, Inc.*, 557 F.2d at 1284).

There are two limitations that restrict a court's power to exercise personal jurisdiction over a nonresident defendant: the constitutional principles of due process and the applicable state personal jurisdiction rule. *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). The Ninth Circuit has held that because California's personal jurisdictional rule is "coextensive with the outer limits of due process," personal jurisdictional inquiries under California law are constrained solely by constitutional principles. *Id.* at 1361; Cal. Civ. Proc. Code § 410.10.

The Supreme Court has held that constitutional due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In applying the minimum contacts analysis, a court may exercise either general or specific jurisdiction over a nonresident defendant. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Daimler AG v. Bauman*, 571 U.S. 117 (2014). When the defendant's activities in the forum state are substantial, continuous and systematic, a court may exercise general jurisdiction over the defendant, even if the cause of action is unrelated to defendant's contacts with the forum. *Id.* at 923. A defendant may also be subject to specific jurisdiction if the defendant "has sufficient contacts with the forum state in relation to the cause of action." *Sher*, 911 F.2d at 1361 (citations omitted).

### III.   JUDICIAL NOTICE

TSMC requests for the Court to take judicial notice of exhibits. *See* Request for Judicial Notice in Support of Defendant's Motion to Dismiss ("RJN"), Dkt. No. 17. Federal Rule of Evidence 201(b) permits a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute," that is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Specifically, a court may take judicial notice of matters of public record. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
5

TSMC requests for the Court to take judicial notice of Exhibits A-D. *See* RJN at 2-3. Exhibit A is Plaintiff's EEOC Charge No. 520-2018-00491, *JihShyr Yih v. Taiwan Semiconductor Manufacturing Company*. A court may take judicial notice of charges filed with administrative bodies, including the EEOC. *See Interstate Nat. Gas Co. v. S. California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative bodies."); *Ferguson v. Walmart*, No. CV 12–04434 RSWL EX, 2014 WL 24139, at *4 (C.D. Cal. Jan. 2, 2014) (taking judicial notice of EEOC complaints and right-to-sue letters). However, a court "cannot take judicial notice of disputed facts contained in such public records." *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 774 (N.D. Cal. 2019) (quoting *Khoja*, 899 F.3d at 999). As such, the Court takes notice of Exhibit A but does not take judicial notice of any disputed facts therein.

Next, TSMC requests for the Court to take judicial notice of Exhibits B-D, which are documents that were filed in Plaintiff's Southern District of New York case. *See JihShyr Yih v. Taiwan Semiconductor Manufacturing Company, Ltd.*, No. 18-CV-3844 (CS) 2019 WL 2578306 (S.D.N.Y June 24, 2019). These documents include: Plaintiff's First Amended Complaint filed on August 1, 2018; the Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint filed on October 10, 2018; and the Declaration of JihShyr Yih in Opposition to Defendant's Motion to Dismiss the Amended Complaint filed on October 10, 2018. Under Ninth Circuit law, courts may properly take notice of court orders and other matters of public record. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks and citations omitted). Accordingly, the Court takes notice of Exhibits B-D but does not take notice of any disputed facts. *See Baird*, 403 F. Supp. 3d at 774.

**IV. DISCUSSION**

TSMC moves for dismissal on the basis that personal jurisdiction is improper in California because Plaintiff cannot establish either general or specific jurisdiction over TSMC. Mot. 14-20.

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
6

In response, Plaintiff puts forth three arguments in his opposition, including that (1) TSMC's revenue from the company's sales demonstrates its continuous and systematic contacts so as to render TSMC "at home" in California, which would justify an assertion of general jurisdiction; alternatively, (2) that TSMC and its California subsidiary TSMC NA are alter egos, thereby permitting the Court to impute TSMC NA's contacts to TSMC and confer general jurisdiction over TSMC; and (3) that TSMC has purposefully availed itself of the privilege of conducting activities in California, and thus the Court has specific jurisdiction over TSMC. *See* Opp. 3-8. The Court addresses each argument in turn.

### A. Whether TSMC is "At Home" in California

Plaintiff first asserts that "TSMC has **substantial, continuous, and systematic** contacts with California because about 67% of its annual revenue [in 2017] is attributed to its general manager TSMC NA within California." Opp. at 4; Compl. ¶10 (emphasis in original). In turn, TSMC argues that this Court lacks general personal jurisdiction over it because its limited contacts with the state, through its subsidiary TSMC NA, hardly render it at home in California. Mot. at 16.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co.*, 326 U.S. at 317). As to corporations, "the place of incorporation and principal place of business are 'paradig[m]' . . . bases for general jurisdiction." *Daimler* AG, 571 U.S. at 137. "A corporation that operates in many places can scarcely be deemed at home in all of them, [o]therwise, 'at home' would be synonymous with 'doing business.'" *Id*. at 139 n.20. Outside of these paradigm bases, only "in an exceptional case" should a court find a corporation's operations in the forum to be "so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 139 n.19. Exceptional circumstances, as noted in *Daimler*, do not exist merely whenever "a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
7

1  only whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to
2  render [it] essentially at home in the forum State.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919). The
3  Supreme Court in *Daimler AG* cited to its decision in *Perkins v. Benguet Consol. Min. Co.*, 342
4  U.S. 437 (1952) to exemplify what constitutes "exceptional circumstances." *Id*. at 129-30. There,
5  the Court held that an Ohio court could exert general jurisdiction over an out-of-state corporation
6  located in the Philippines, because Ohio was the corporation's principal, albeit temporary, place of
7  business during the war when the Japanese occupied the Philippines. *Perkins*, 342 U.S. at 447-48.

8        Here, TSMC is a Taiwanese corporation with its primary place of business in Hsinchu,
9  Taiwan. Chao ¶ 4. TSMC does not maintain an office in California and does not conduct any
10 business in the state. *Id*. ¶¶ 5-6. Furthermore, the revenue of its subsidiary, TSMC NA, is derived
11 from shipments overseas. *Id*. ¶ 10. Indeed, only 2.4% of TSMC NA's revenue from 2015-2019
12 was derived from sales within the state of California. *Id*.

13       Plaintiff argues, however, that neither TSMC NA's revenue nor sales performance can be
14 discounted when analyzing TSMC's affiliations with California because TSMC still includes
15 TSMC NA's sales performance in its yearly financial reports. Opp. 4. Nonetheless, the fact that a
16 portion of TSMC's revenue is derived from its subsidiary is not an exceptional circumstance.
17 "[I]n any parent-subsidiary relationship, at least some revenues will presumably make their way
18 back to the parent. Allowing attribution on this circumstance alone would run counter to the
19 baseline principle that a parent-subsidiary relationship in itself is not enough to hold a parent
20 responsible for its subsidiary's contacts with the distant forum." *Focht v. Sol Melia S.A.*, No. C-
21 10-1096 EMC, 2012 WL 162564, at *7 (N.D. Cal. Jan 19, 2012).

22       Plaintiff's focus on TSMC NA's revenue is also unavailing because of the paltry total
23 revenue that was actually generated from intrastate California sales. In *Daimler*, the U.S. Supreme
24 Court held that Daimler AG, the German manufacturer of Mercedes–Benz automobiles, was not
25 subject to general jurisdiction in California even if its California subsidiary's contacts were
26 attributed to it. *Daimler AG*, 571 U.S. at 136. The Daimler subsidiary's California sales, which
27 accounted for 10% of Daimler's revenue and 2.4% of its worldwide sales, constituted "slim

28 Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
8

contacts with the state" and "hardly render[ed] it at home." *Id.* It would follow then that California certainly lacks general jurisdiction over TSMC, which has far more modest ties to California than one of the largest importers of luxury vehicles to this state. Thus, the Court determines that this is not an "exceptional case" in which TSMC's business contacts with California are "so substantial" as to "essentially render it at home" in California. *Id*. at 139 n.19.

### B.     Alter Ego

Next, Plaintiff alleges that TSMC cannot escape personal jurisdiction because it is the alter ego of TSMC NA. Opp. at 3-4; Compl. ¶ 3. However, a parent-subsidiary relationship does not on its own establish two entities as alter egos — "general jurisdiction over one does not give rise to general jurisdiction over the other." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017) (internal quotations and citations omitted). To survive a motion to dismiss, a plaintiff asserting application of the alter ego doctrine to extend personal jurisdiction to a foreign parent or subsidiary must "allege specifically both the elements of alter ego liability, as well as facts supporting each." *MH Pillars Ltd. v. Realini*, No. 15-CV-1383-PJH, 2017 WL 916414, at *12 (N.D. Cal. Mar. 8, 2017) (citation omitted). The plaintiff must show that "(1) there is such unity of interest and ownership that the separate personalities of the two entities no longer exists, and [that] (2) failure to disregard their separate identities would result in fraud or injustice." *Williams*, 851 F.3d at 1021 (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015)). Here, Plaintiff fails to plausibly allege both elements of alter ego liability.

#### i.    Unity of Interest

The "unity of interest" prong requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former." *Ranza*, 793 F.3d at 1073. (internal quotation marks and citations omitted). Courts generally consider nine factors in assessing whether the unity of interest prong of an alter ego relationship is satisfied:

> (1) the commingling of funds and other assets of the entities, (2) the holding out by one entity that it is liable for the debts of the other, (3) identical equitable ownership of the entities, (4) use of the same offices and employees, (5) use of one as a mere shell or conduit for the affairs of the other, (6) inadequate capitalization, (7) disregard of

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
9

>corporate formalities, (8) lack of segregation of corporate records, and (9) identical directors and officers.

*Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (citation omitted).

While a court need not find that every factor is present, *Updateme Inc. v. Axel Springer SE*, No. 17-CV-05054-SI, 2018 WL 1184797, at *10 (N.D. Cal. Mar. 7, 2018), the Ninth Circuit has specifically found that "[t]otal ownership and shared management personnel are alone insufficient to establish the requisite level of control." *Ranza*, 793 F.3d at 1073. A parent's involvement in "macro-management issues" do not satisfy this element, such as reviewing and approving major decisions, placing several of its directors on the subsidiary's board, and involving itself in the subsidiary's pricing decisions. *Id*. at 1074–75. Instead, the plaintiff must show that the parent directs the subsidiary's "day-to-day operations" and that the "entities failed to observe their separate corporate formalities." *Id*. at 1075.

Plaintiff claims that this Court's previous holding in *Ziptronix, Inc. v. Omnivision Techs, Inc.*, 71 F. Supp. 3d 1090 (N.D. Cal. 2014), combined with new evidence presented in his opposition establishes a unity of interest between TSMC and TSMC NA. Opp. at 3. Specifically, Plaintiff alleges that TSMC may be found to be an alter ego of TSMC NA because: "TSMC NA facilitates sales of [TSMC]'s wafers between [TSMC] and its customers in the United States"; "TSMC NA is only allowed to issue price quotations that comply with [TSMC]'s pricing guidelines"; "[TSMC] must approve any deviations from its pricing guidelines"; and "[TSMC] supplies TSMC NA with price quotations that are forwarded by TSMC NA to [TSMC]'s customers." Opp. at 3-4 (citing *Ziptronix*, 71 F. Supp. 3d at 1095).

While these allegations establish TSMC's involvement in TSMC NA's operations, they are insufficient to establish alter ego liability.[2] A "plaintiff does not meet the unity of interest and ownership prong when the evidence shows only an active parent corporation involved directly in

---

[2] Contrary to Plaintiff's assertion, the court in *Ziptronix* did not hold that TSMC NA is a general manager of TSMC. The court instead noted in *Ziptronix* that "Ziptronix does not treat TSMC Ltd. and TSMC NA as separate legal entities. Ziptronix presents no authority or legal analysis establishing a basis for ignoring the corporate form. Ziptronix has not shown that it is appropriate to pierce the corporate veil or to treat the TSMC entities as alter egos." *Ziptronix*, 71 F. Supp. 3d at 1096.

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
10

decision-making about its subsidiaries' holdings, but each entity observes all of the corporate formalities necessary to maintain corporate separateness." *Ranza*, 793 F.3d at 1073. Here, Plaintiff does not address whether the entities commingled funds, whether there was inadequate capitalization, or whether the entities disregarded corporate formalities. TSMC in contrast, asserts that TSMC and TSMC NA maintain separate accounting records and books, maintain separate bank accounts having never commingled assets or funds, and have always operated in separate corporate facilities in different countries. *See* Chao Decl. ¶¶ 11-15. These statements serve as further evidence that TSMC and TSMC NA are not alter egos, and foundationally, that Plaintiff has not met his burden in showing that TSMC and TSMC NA hold a unity of interest. *See Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 53 (N.D. Cal. 2020).

Plaintiff instead relies on allegations that an alter ego relationship is further evidenced by TSMC and TSMC NA sharing a common employee who served as TSMC NA's CEO in 2017 and whose compensation for that year was determined by TSMC. Opp. at 4 (citing Yih Decl.). He further contends that TSMC operates for itself and TSMC NA, a common corporate website, a common email address domain, and a common interactive system for on-line information and transactions. *Id.*

In response to Plaintiff's allegations about the shared employee's roles in both TSMC and TSMC NA, TSMC asserts that the employee was periodically granted titles associated with TSMC as an advisor, at the discretion of TSMC's Board of Directors. Chao Decl. ¶ 7. However, TSMC claims that the shared employee was never considered an employee of TSMC and received no compensation from TSMC. *Id.* Even if the Court were to find this factor in establishing unity of interest, the Ninth Circuit has made clear that "[t]otal ownership and shared management personnel are alone insufficient to establish the requisite level of control." *Ranza*, 793 F.3d at 1073 (internal citation omitted); *see also, e.g., Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 956 (N.D. Cal. 2015) (finding three factors—equitable ownership, use of same offices and identical officers and directors—weighed in favor of finding unity of interest but concluding these factors "even when considered together, are not sufficient to support a finding of

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
11

unity of interest").

Turning to Plaintiff's claims that TSMC and TSMC NA operate on the same corporate website, share the same email address domain, and also have a common interactive online system for information and transactions, courts have held that these facts do not reflect an "abuse of the corporate form and existence of an alter ego relationship." *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1139 (C.D. Cal. 2015); *see also NetApp, Inc. v. Nimble Storage, Inc.*, No. 5:13-CV-05058-LHKHRL, 2015 WL 400251, at *7 (N.D. Cal. Jan. 29, 2015) ("In addition, the allegation that [entities] share a website and email is an administrative . . . function. Shared administrative functions are not necessarily indicative of an alter ego relationship.") (citation omitted). Moreover, separate corporate entities presenting themselves "as one online does not rise to the level of unity of interest required to show companies are alter egos." *Corcoran v. CVS Health Corporation*, 169 F. Supp. 3d 970, 984 (N.D. Cal. 2016); *see also Moody v. Charming Shoppes of Delaware, Inc.*, No. C 07-06073 MHP, 2008 WL 2128955, at *3 (N.D. Cal. May 20, 2008) ("[g]eneric language on [company's] website . . . simply do[es] not rise to the day-to-day control required to impute the subsidiary's contacts to the parent"). Thus, given the administrative nature of the entities' website and online system, the Court finds that the facts do not weigh in favor of finding alter-ego liability.

Plaintiff has failed to meet the prima facie burden regarding any unity of interest between TSMC and TSMC NA. *See Williams*, 851 F.3d at 1021. Therefore, because both prongs of the alter ego test must be satisfied, TSMC is not subject to personal jurisdiction as TSMC's alter ego.

### ii. Fraud or Injustice

Where a plaintiff fails to satisfy the "unity of interest" prong, a court need not analyze the "fraud or injustice prong." *Ranza*, 793 F.3d at 1075 n.9 (citation omitted). However, even if the Court analyzed this prong, Plaintiff has not established that an inequitable result would follow from a failure to disregard the separate identities between TSMC and TSMC NA. *See Ranza*, 793 F.3d at 1073. The alter ego liability test's second prong requires that a plaintiff "plead facts sufficient to demonstrate that conduct amounting to bad faith makes it inequitable for the

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
12

corporate owner to hide behind the corporate form." *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 364 F. Supp. 3d 1061, 1082 (N.D. Cal. 2019) (citing *Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-CV-00669-YGR, 2017 WL 201703, at *8 (N.D. Cal. Jan. 18, 2017)). Plaintiff has not done so.

Plaintiff simply mentions in his opposition that treating TSMC as an entity distinct from TSMC NA when the two jointly work on sales in "such tightly coupled ways like a single enterprise," would be unjust. Opp. at 4. Merely alleging that Plaintiff will suffer an inequitable result if TSMC is not a defendant is not sufficient. *Neilson v. Union Bank of California,* N.A., 290 F. Supp. 2d 1101, 1117 (C.D. Cal. 2003) (pleading failed to allege injustice prong of alter ego theory where it stated that it would suffer an inequitable result but "fail[ed] to allege facts supporting this statement"); *Hibbs–Rines v. Seagate Tech., LLC*, No. C 08–05430 SI, 2009 WL 513496, at *5 (N.D. Cal. 2009) ("[A] court is not bound to accept as true a legal conclusion couched as a factual allegation.") (quotation omitted). Accordingly, Plaintiff has failed to meet his burden in showing any conduct that would make it inequitable for this Court to observe the corporate distinction between TSMC and TSMC NA.

For the forgoing reasons, this Court lacks general jurisdiction over TSMC.

### C. Specific Jurisdiction

Finally, Plaintiff attempts to establish personal jurisdiction over TSMC by arguing that TSMC purposefully availed itself to the forum by doing "e-business" in California. Opp. at 5. The Ninth Circuit has set forth a three-prong test to determine whether a defendant has the "minimum contacts" necessary for specific jurisdiction: (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "The plaintiff bears the burden of satisfying the first two

prongs of the test." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff makes a prima facie showing as to those first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

TSMC argues that Plaintiff has not satisfied his burden of establishing the first and second prongs; the Court agrees. The first prong of the specific jurisdiction test is met if the defendant "purposefully directed" his activities toward the forum or "purposefully availed" himself of "the privileges of conducting activities in the forum." The Ninth Circuit has said that "purposeful availment" and "purposeful direction" are "two distinct concepts." *Schwarzenegger*, 374 F.3d at 802. The former applies to claims sounding in contract whereas the latter applies to claims sounding in tort. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). Because Plaintiff's claims of discrimination are "more akin to tort claims," the Court employs the purposeful direction framework. *See e.g.*, *Bradley v. T-Mobile US, Inc.*, No. 17-cv-07232-BLF, 2020 WL 1233924, at *13 (N.D. Cal. Mar. 13, 2020); *Ziegler v. Indian River Cty.*, 64 F.3d 470, 474 (9th Cir. 1995) (citing with approval an ADEA case in which the district court applied the tort-case standard)).

Purposeful direction, in turn, can be shown in two ways. First, the Ninth Circuit has said that "the commission of an intentional tort in a state is a purposeful act that will satisfy" the purposeful direction test. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603 (9th Cir. 2018). In other words, if the "allegedly intentional tortious conduct" occurred in the forum state, that conduct has plainly been purposefully directed at the forum state. *Id*. Alternatively, if the defendant's conduct "takes place outside the forum," there may still be purposeful direction if that conduct has "effects inside the forum state." *Id.* at 604. This second method is known as the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984). The *Calder* "effects" test requires that the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069 (internal quotation marks and citation omitted).

Plaintiff's sole theory why TSMC is subject to specific jurisdiction in California has to do

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
14

with TSMC allegedly conducting "e-business" in the state.  Opp. at 5.  According to Plaintiff, TSMC operates its corporate website, "which specifically solicits customers in 'Silicon Valley' and 'Southern California' to 'start a foundry relationship,' using dedicated TSMC email addresses."  Opp. at 5; Yih Decl. ¶ 8.  Plaintiff argues that TSMC's website allegedly provides customers with access to an interactive information and transaction system and that because his position with TSMC would involve him working on the website, this establishes specific jurisdiction over TSMC.  *Id.*

However, Plaintiff has not put forth allegations suggesting that any of TSMC's "allegedly intentional tortious conduct" occurred in California.  At all times, Plaintiff communicated with TSMC officials based in Taiwan and only through skype interviews and email exchanges from his home in New York.  *See* Compl. ¶ 16, 26.  The Court is mindful of the U.S. Supreme Court's recent admonition that the minimum contacts analysis focuses upon "contacts that the defendant *himself* creates with the forum State," and that "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original).  As such, the Court is skeptical that, based on Plaintiff's lack of allegations, it can fairly be said that TSMC's allegedly tortious conduct is connected to California to satisfy the purposeful direction prong.  *See Picot*, 780 F.3d at 1214–15 (9th Cir. 2015) (holding California could not exercise specific jurisdiction over defendant whose tortious conduct consisted of making statements to an Ohio resident that caused a Delaware corporation to cease making payments into two trusts in Wyoming and Australia all without entering California, contacting any person in California, or otherwise reaching out to California despite plaintiff being a resident of California and defendant having twice traveled to California in connection with the parties' business relationship).

Moreover, TSMC's alleged contacts with California through its e-business and website do not warrant exercising personal jurisdiction over TSMC.  By simply putting forth the argument that TSMC availed itself of the benefits of this forum by conducting e-business through its accessible website, Plaintiff has failed to connect that business to any discriminatory harm alleged

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
15

in this case. Plaintiff's claims arising out of TSMC's alleged discriminatory conduct during the hiring process would have arisen regardless of whether his anticipated role in the company would impact the fact that individuals and businesses in California can access TSMC's website. It follows that these contacts fall short of satisfying the second prong of the specific jurisdiction analysis. *See W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("This court has referred to the second prong of the specific jurisdiction test as a 'but for' test.").

Since the Court has determined that Plaintiff has not satisfied the first and second requirements of the minimum contacts test, the Northern District of California does not have personal jurisdiction of TSMC. *See Pebble Beach*, 453 F.3d at 1155. Accordingly, the Court need not address the remaining prong. Moreover, as personal jurisdiction over TSMC does not exist, this Court need not consider whether Plaintiff fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## V.   CONCLUSION

In light of the foregoing, the Court **GRANTS** TSMC's motion to dismiss for lack of personal jurisdiction and **DISMISSES** Plaintiff's action against TSMC. As such, the Court **DENIES** as moot, without prejudice, the remaining grounds for dismissal.

**IT IS SO ORDERED.**

Dated: October 27, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-04184-EJD
ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
16