UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIHSHYR YIH,<br>　　　　Plaintiff,<br>　　v.<br>TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY,LTD,<br>　　　　Defendant. | Case No. 5:20-cv-04184-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 28 |

Plaintiff requests leave to file a motion for reconsideration for this Court's October 27, 2020 Order, where the Court dismissed Plaintiff's complaint for lack of personal jurisdiction. Order Granting Motion to Dismiss for Lack of Personal Jurisdiction ("Order"), Dkt. No. 27. He argues this Court failed to consider "material factors or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civ. L.R. 7-9(b)(3). Plaintiff grounds his argument in this Court's "failure" to consider material facts establishing that the Court has specific jurisdiction over Defendant Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC"). Motion for Leave to File a Motion for Reconsideration ("Mot.") at 4-7., Dkt. No. 28.

First, Plaintiff contends that the Court failed to consider that Plaintiff would have a "job location" in California, among multiple job locations, while working for TSMC. *Id*. at 4. Plaintiff labeled this his "job location theory" for specific jurisdiction. *Id*. According to Plaintiff, the fact that he would have a "job location" in California meant that the Court had specific jurisdiction over TSMC. Second, Plaintiff claims that the Court failed to consider that TSMC experienced "production" and "sale issues" after Plaintiff was denied the position of TSMC's Chief Information Officer, which affected the ability of California individuals and companies to access TSMC's website for online information and transactions. *Id*. at 6-7. Plaintiff suggests that these

Case No.: 5:20-cv-04184-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

1

are material facts establishing that the Court has specific jurisdiction over TSMC.

These "material facts" are irrelevant to the specific jurisdiction analysis. As the Court explained in its Order, minimum contacts analysis focuses upon "contacts that the defendant himself creates with the forum State," and that "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original). That California may or may not have been one of Plaintiff's job locations if hired by TSMC, does not factor into the specific jurisdiction analysis because it does not speak to TSMC's express efforts to create contacts with California.[1]

Additionally, Plaintiff's contention that TSMC not hiring him somehow affected California individuals and companies' ability to access TSMC's website is irrelevant when determining whether TSMC purposefully directed its activities toward California or when determining whether Plaintiff's discrimination claims arose out of or relate to TSMC's forum related activities.[2] These facts still do not connect TSMC's forum activities to the discriminatory harm alleged in the case because the claims would have arisen regardless of the alleged effect not hiring Plaintiff had on California individuals and companies' ability to access TSMC's website.

Accordingly, because the Court did not fail to consider material facts or dispositive legal arguments, Plaintiff's motion for leave to file a motion for reconsideration is **DENIED.**

---

[1] As the Court explained in its Order because Plaintiff's claims of discrimination are "more akin to tort claims," the Court employed the purposeful direction framework. *See e.g.*, *Bradley v. T-Mobile US, Inc.*, No. 17-cv-07232-BLF, 2020 WL 1233924, at *13 (N.D. Cal. Mar. 13, 2020)

[2] A three prong test is used to determine whether a defendant has the minimum contacts" necessary for specific jurisdiction: (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797, 802 (9th Cir. 2004).

Case No.: 5:20-cv-04184-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

2

**IT IS SO ORDERED.**

Dated: December 10, 2020

_____
EDWARD J. DAVILA
United States District Judge